UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM ROBERT WHITE, JR., :
:
    Plaintiff             :    CIVIL ACTION NO. 3:23-CV-614
:
v.                     :    (JUDGE MANNION)
:
PINE RIDGE COMMUNITY :
ASSOCIATION, :
:
    Defendant         :

## MEMORANDUM

Plaintiff William Robert White, Jr., sues Defendant Pine Ridge Community Association, his former employer, claiming age and disability discrimination, retaliation, hostile work environment, and intentional infliction of emotional distress. Defendant moves to dismiss Plaintiff's Complaint under Federal Rule 12(b)(6) for failure to state a claim. (Doc. 7).

### I.    BACKGROUND

The following allegations are drawn from the Complaint. (Doc. 1). Plaintiff worked for Defendant as a Community Manager. On November 18, 2019, a group of armed individuals attacked Defendant's club building where Plaintiff worked. Because of injuries sustained in the attack, Plaintiff filed for state workers' compensation. After he filed his workers' compensation claim,

members of Defendant's Executive Board harassed him and made false accusations. He was forced by the Board to review video of the attack in a Board meeting, which triggered an emotional reaction. He thereafter requested an accommodation for post-traumatic stress disorder, but his request was rejected. The Board further made "social media posts against" Plaintiff, sent him harassing emails related to his disability, and published information about his PTSD diagnosis in the Community newsletter. Plaintiff's second request for PTSD accommodations was also denied. Members of Defendant's staff "continuously denied and/or impeded" Plaintiff's requests to attend medical appointments. Although Plaintiff had received bonuses and only positive evaluations, Defendant terminated him effective June 30, 2020. He was 53 years old at the time.

Plaintiff brings the following claims: (Count I) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); (II) retaliation; (III) failure to provide reasonable accommodation in violation of the Rehabilitation Act of 1973; (IV) hostile work environment in violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the ADEA; and (V) intentional infliction of emotional distress. (Doc. 1 ¶¶36–71). He requests injunctive relief, compensatory damages, attorneys' fees, and punitive damages. (Doc. 1 at 17–18).

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant asserts that Counts I and IV must be dismissed because Plaintiff did not exhaust his administrative remedies before bringing this action and because these claims are now time-barred. (Doc. 8 at 8–11).

To file a civil action under Title VII or the ADEA, a plaintiff must first bring a charge with the Equal Employment Opportunity Commission. 42 U.S.C. §2000e–5(f)(1); 29 U.S.C. §626(d)(1). In a "deferral" state like Pennsylvania, such a charge must be filed "within 300 days of the challenged employment action." *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) (citing 42 U.S.C. §2000e–5(e)(1); 29 U.S.C. §626(d)(2); *Colgan v. Fisher Sci. Co.*, 935 F.2d 1407, 1413–15 (3d Cir. 1991) (en banc)).

The complainant must allow 180 days for EEOC investigation, after which either the Commission will notify him by a "right-to-sue" letter that it has not resolved his charge, or the complainant may request a right-to-sue letter himself, and the Commission must timely issue it. *Burgh v. Montrose Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001) (citing 42 U.S.C. §2000e–5(f)(1)). Either way, the plaintiff must receive such a notice before bringing suit. *Id.*; 29 U.S.C. 626(e).

Here, Plaintiff did bring a charge of discrimination with the EEOC, in which he alleged that Defendant discriminated against him on the basis of disability, retaliated against him, and created a hostile work environment. (Doc. 8-1). Defendant argues that this charge did not exhaust the claims Plaintiff now brings in Counts I and IV. (Doc. 8 at 8). Plaintiff does not argue that it did.

"The 'relevant test' for determining whether a later claim needs to be exhausted despite the filling of a previous charge is a two-pronged inquiry into whether 'the acts alleged in the subsequent … suit are fairly within the scope of [1] the prior EEOC complaint, or [2] the investigation arising therefrom.'" *Simko v. United States Steel Corp.*, 992 F.3d 198, 207 (3d Cir. 2021) (quoting *Waiters v. Parsons*, 729 F.3d 233, 237 (3d Cir. 1984)).

In Count I, Plaintiff claims that Defendant discriminated against him on the basis of his age. (Doc. 1 ¶36–37). But his EEOC charge made no mention of age discrimination.[1] Age discrimination is not fairly within the scope of a charge alleging disability discrimination and retaliation. *See Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996) (concluding that employee did not exhaust

---

[1] Indeed, the EEOC's "Charge of Discrimination" form directs claimants to check all appropriate boxes indicating the basis for discrimination. Plaintiff in his charge checked "Retaliation" and "Disability," but did not check "Age." (Doc. 8-1 at 2).

gender discrimination claim by charging disability discrimination); *Zezulewicz v. Port Auth. of Allegheny Cnty.*, 290 F. Supp. 2d 583, 591 (W.D. Pa. 2003) (concluding that employee's EEOC charge of retaliation did not exhaust age or gender discrimination claims).

Whether Count IV was exhausted is less clear. There, Plaintiff alleges a "hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA." (Doc. 1 ¶61). And while his EEOC charge did not cite Title VII, the Rehabilitation Act, or the ADEA, it did allege that Defendant "created a hostile work environment." (Doc. 8-1 at 7).

The court need not decide whether Count IV was exhausted by Plaintiff's EEOC complaint, though, for even if it was, it cannot withstand dismissal.

A claim under Title VII or the ADEA must be brought within 90 days of receiving the right-to-sue letter. 42 U.S.C. §2000e–5(f)(1); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009); 29 U.S.C. §626(e); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383 n.11 (3d Cir. 2007). As Defendant notes, (Doc. 8 at 8 n.1), Plaintiff's right to sue letter was issued on January 12, 2022, (Doc. 8-2), but he did not file this complaint until April 12, 2023, well outside the 90-day window. So Count IV's Title VI and ADEA claims, even if they were exhausted by his Plaintiff's EEOC charge, are time-barred.

- 5 -

Plaintiff asserts (without citing authority) that because he sought relief under the Pennsylvania Human Relations Act "[h]e was not allowed to initiate a court proceeding" until he had filed a complaint with the Pennsylvania Human Relations Commission and it either rendered a decision or failed to act within one year. (Doc. 11 at 10–11). This one-year waiting period governs PHRA exhaustion, not Title VII and ADEA exhaustion. 43 Pa. Stat. Ann. §962(c)(1)–(2). That is, while Plaintiff could not have brought claims under the PHRA until one year after filing his PHRC charge, he was not similarly precluded from bringing claims under Title VII or the ADEA. *See Burgh*, 251 F.3d at 471–474 (explaining that because Title VII has its own statute of limitations period, it does not borrow state statutes of limitations).

That leaves Count IV's Rehabilitation Act hostile work environment claim. Claims alleging violations of section 504 of the Rehabilitation Act[2] are not subject to an exhaustion requirement. *See Jeremy H. by Hunter v. Mount Lebanon*, 95 F.3d 272, 281 (3d Cir. 1996). But as discussed below, the court concludes that Plaintiff has failed to state a Rehabilitation Act claim.

---

[2] An aggrieved person may bring suit for violations of section 501 (42 U.S.C. §791) or section 504 (42 U.S.C. §794) of the Rehabilitation Act. *See* 29 U.S.C. §794a; *Spence v. Straw*, 54 F.3d 196, 199–200 (3d Cir. 1995). But section 501 applies only to federal agencies. *See* §791; *Spence*, 54 F.3d at 199–200. Because Plaintiff does not sue a federal agency, his claims must be brought pursuant to section 504.

### B. Rehabilitation Act claims

Plaintiff alleges violations of the Rehabilitation Act in Counts III and IV of his complaint. (Doc. 1 ¶¶56, 61). Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a). Accordingly, a prima facie Rehabilitation Act claim requires that the "program or activity in question receives federal financial assistance." *Haybarger v. Lawrence Cnty. Adult Probation & Parole*, 551 F.3d 193, 198 n.3 (3d Cir. 2008); *see also* 28 C.F.R. §42.540(f) (defining "federal financial assistance").

As Defendant points out, (Doc. 8 at 12–13), Plaintiff does not allege that it receives federal financial assistance. Plaintiff in his brief suggests he will testify "as to whether Defendant received any type of federal funds or assistance" and "seek proof from Defendant" on that score. (Doc. 11 at 13). That suggestion does him no good, because to survive dismissal against a 12(b)(6) motion "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (internal

- 7 -

quotations omitted). Plaintiff can state no plausible Rehabilitation Act claim without alleging that Defendant receives federal financial assistance.

"[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The court cannot conclude at this point that amendment would be futile, so Plaintiff will be given leave to amend his complaint as to his Rehabilitation Act claims. That does not mean Plaintiff may simply add a general allegation of federal financial assistance in the hope that discovery will bear it out. First, Plaintiff's counsel is reminded that "[b]y presenting to the court a pleading ... an attorney ... certifies that to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Second, a general, conclusory assertion that Defendant receives federal financial assistance would be insufficient to survive dismissal. *See, e.g., Hunt v. Univ. of Pittsburgh Med. Ctr.*, 2019 WL 3776545, at *5 & n.8 (M.D. Pa. 2019) (allegations that the defendant "receives federal financial assistance and as such is subject to Section 504" did not support a plausible

- 8 -

inference that the defendant was a recipient of federal financial assistance"). Instead, an amended complaint would need to include specific factual allegations sufficient to raise a plausible inference that Defendant was a recipient of federal financial assistance during the time of the alleged wrongs. *See Dana v. Baker Hughes, Inc.*, 2015 WL 5576880, at *4 (M.D. Pa. 2015).

### C. Remaining State-Law Claims

The court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims of retaliation and intentional infliction of emotional distress in Counts II and V. Where a plaintiff brings claims under both federal and state law, as here, and all the claims over which the court has original jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. §1367(c)(3). Indeed, "[i]n the ordinary course, where the claims over which the district court has original jurisdiction are dismissed before trial, the district court *must* decline to decide the pendent state claims," unless there is an "affirmative justification for doing so" based on "considerations of judicial economy, convenience, and fairness to the litigants." *N. Sound Capital LLC v. Merch & Co., Inc.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

The parties here have not yet conducted discovery. (Doc. 17 ¶4.1). And, as Defendant points out, Plaintiff has brought an action against it in the Pike County Court of Common Pleas alleging the same wrongful conduct and claiming retaliation and intentional infliction of emotional distress. (Doc. 8-3). In these circumstances, the court finds no affirmative justification for exercising supplemental jurisdiction over Plaintiff's state-law claims. Plaintiff's state-law claims will be dismissed without prejudice.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted. Count I will be dismissed with prejudice. Count IV will be dismissed with prejudice as to Plaintiff's claims under Title VII and the ADEA, but without prejudice as to Plaintiff's Rehabilitation claim. Counts II, III, and V will be dismissed without prejudice. Plaintiff will be granted leave to amend as to Counts II, III, and V, and as to Count IV to the extent he claims a violation of the Rehabilitation Act.

MALACHY E. MANNION
United States District Judge

DATE: January 22, 2024
23-614-01